UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE ORTIZ and SHELLY CARNES, individually and on behalf of all others similarly situated, | HON. MARY M. ROWLAND |
| Plaintiffs, | Case No. 1:23-CV-00097 |
| vs. | |
| SAZERAC COMPANY, INC., | |
| Defendant. | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS

Defendant Sazerac Company, Inc. ("Sazerac") brings this motion for sanctions to recover the attorneys' fees that it incurred in opposing the Amended Complaint by Mike Ortiz and Shelly Carnes ("Plaintiffs"). Plaintiffs' counsel filed the Amended Complaint knowing that it lacked any factual basis and knowing that this Court would lack jurisdiction over alleged purchases in other states. Although Plaintiffs' counsel brought the original Complaint in this matter without adequate investigation of the facts, Sazerac only seeks sanctions with respect to the Amended Complaint, which Plaintiff's counsel filed after being fully informed of the relevant facts.

### BACKGROUND

Counsel for Plaintiffs brought this matter on behalf of Anna Marquez, who, according to the Complaint, purchased the product at issue – a malt-based beverage known as Fireball Cinnamon – on multiple occasions at a Jewel-Osco grocery store in Niles, Illinois. Complaint ¶ 29. Sazerac moved to dismiss. Among other reasons for dismissal, Sazerac pointed out that the allegations in the Complaint could not be true because Fireball Cinnamon is not sold in Illinois. *See* Memorandum in Support of Motion to Dismiss [Dkt. 10] at 1 – 2. Sazerac

supported its Motion with the Declaration of Jason Tondelli, Sazerac's State Manager for Illinois, who attested that Fireball Cinnamon is not sold in Illinois and that, because his job responsibilities include compliance with state law, he was personally familiar with the products sold in Illinois by the two distributors of Sazerac products in Illinois. *See* Declaration of Jason Tondelli [Dkt. 10-3] at ¶¶ 1 – 3. Mr. Tondelli also attested that he had personally visited the Jewel-Osco store in question and that Fireball Cinnamon was not present and was not offered for sale. *Id*. at ¶¶ 4 - 8. Sazerac further supported its Motion with the Declaration of Emilio Arrieta, the Assistant Store Director of the Jewel-Osco in Niles, Illinois. Mr. Arrieta attested that he had personally reviewed the store's invoices and records and confirmed that the store had not sold any Fireball Cinnamon during the period referenced in the Complaint. *See* Declaration of Emilio Arrieta [Dkt. 10-1] at ¶ 3. Mr. Arrieta further attested that he had never seen Fireball Cinnamon offered for sale at the store. *Id*. at ¶ 2.

In response to Sazerac's Motion to Dismiss, Plaintiffs' counsel filed an Amended Complaint [Dkt. 17]. The Amended Complaint jettisoned Anna Marquez – the person who allegedly had purchased Fireball Cinnamon at the Niles Jewel-Osco – as a plaintiff and asserted claims on behalf of three new plaintiffs. *Id*. The Amended Complaint first asserted that Plaintiff Mike Ortiz, an Indiana resident, purchased Fireball Cinnamon at a gas station in Calumet City, Illinois, in the "fall of 2022." *Id*. at ¶ 45. In obvious recognition of the fact that Fireball Cinnamon is not sold in Illinois, the Amended Complaint went out of its way to note that the gas station in Calumet City where Plaintiff Ortiz allegedly purchased the product is "approximately three miles from the Illinois-Indiana border." *Id*. Proximity to Indiana, of course, does not change the fact that Fireball Cinnamon is not sold *in Illinois* – no matter how close to a border with another state.

2

In further recognition of the fact – now well known to Plaintiff's counsel – that Fireball Cinnamon is not sold in Illinois, the Amended Complaint attempted to sidestep that inconvenient fact by alleging the Plaintiff Ortiz had also purchased Fireball Cinnamon at a store in Indiana, *id*. at ¶ 47, and that Plaintiff Shelly Carnes, a South Carolina resident, had purchased Fireball Cinnamon at a store in South Carolina. *Id*. at ¶¶ 36, 48. It is obvious even to first-year lawyers that this Court lacks personal jurisdiction over purchases by an Indiana resident in Indiana and by a South Carolina resident in South Carolina. *See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (a court lacks personal jurisdiction if there is no "affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."); *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017) (jurisdiction did not exist where plaintiffs were not residents of the forum state and where the conduct giving rise to the nonresidents' claims occurred outside the forum state).

Plaintiffs' counsel's filing of the Amended Complaint, despite knowing that Fireball Cinnamon is not sold in Illinois and despite the obvious lack of jurisdiction over claims involving alleged out-of-state purchases by out-of-state plaintiffs, required Sazerac to file a Motion to Dismiss the Amended Complaint, which it did on May 5, 2023. *See* Motion to Dismiss First Amended Complaint [Dkt. 19].

Sazerac's counsel also wrote to Plaintiffs' counsel that same day, pointing out that Plaintiffs had no basis for alleging that Plaintiff Ortiz had purchased Fireball Cinnamon in Illinois and demanding an explanation of the support Plaintiffs' counsel had for the assertion. *See* Exhibit A to the accompanying Declaration of Creighton Magid.

Faced with the Rule 11 letter and the Motion to Dismiss, Plaintiffs voluntarily dismissed

the action on May 19, 2023 [Dkt. 21].

The "file first and worry about the facts and law later" approach exhibited by Plaintiffs' counsel here is not a new phenomenon. Judge Scullen of the United States District Court for the Northern District of New York recently directed Mr. Sheehan to "show cause as to why this Court should not sanction him for continually filing frivolous lawsuits in this District." *Brownell v. Starbucks Coffee Co*., 2023 U.S. Dist. LEXIS 119431, *22 (N.D.N.Y. 2023). Judge Scullen noted that Mr. Sheehan "has filed no fewer than 18 actions in this District alone since 2021, all of which are class action lawsuits; and, of those that have been considered in a dispositive motion, none have proceeded past the motion to dismiss phase of litigation. For many other cases, Plaintiff's counsel appears to swiftly seek voluntary dismissals before the defendant files an answer or a dispositive motion." *Id*. at *20 (internal citations omitted). The court also observed that "courts in the Southern District of New York have also twice threatened Mr. Sheehan with Rule 11 sanctions for filing 'plainly frivolous claim[s.]'" *Id*. at *21.

In this District, Judge Seeger noted that Mr. Sheehan "has become a wrecking ball when it comes to imposing attorneys' fees on other people. And this Court is starting to wonder who should pay for the cleanup. At some point, even lawyers have to internalize the costs of their own behavior." *Guzman v. Walmart Inc*., 2023 U.S. Dist. LEXIS 84556, *9 (N.D. Ill. 2023). Judge Seeger directed Mr. Sheehan "to show cause why he should not have to pay the attorneys' fees incurred by Defendant in this case" and observed that "Plaintiff's counsel is imposing plenty of costs, and someone has to pay them. Plaintiff's counsel has taken everyone on a ride, and Plaintiff's counsel must show who should pay for the ticket." *Id*. at *9 - *10.

**ARGUMENT**

I.    **Sanctions Are Warranted Under Fed. R. Civ. P. 11.**

Federal Rule of Civil Procedure 11(b) provides that, by filing a pleading, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." If an attorney violates Rule 11(b), a court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 957 (7th Cir. 2020) (quoting Fed. R. Civ. P. 11(c)(1)). Permissible sanctions include the award of "reasonable attorney's fees and other expenses directly resulting from the [Rule 11] violation." Fed. R. Civ. P. 11(c)(4).

Sheehan filed the Amended Complaint with the knowledge, gleaned from Sazerac's Motion to Dismiss the original Complaint, that Fireball Cinnamon is not sold in Illinois. Despite this, he filed the Amended Complaint alleging a purchase in Illinois. He tacitly acknowledged his understanding that Fireball Cinnamon was not sold in Illinois by alleging that Plaintiff Ortiz purchased the product in Illinois "approximately three miles from the Illinois-Indiana border." This is a clear violation of Rule 11(b)(3).

Additionally, Sheehan sought to assert claims in the Amended Complaint on behalf of an Indiana resident who allegedly purchased Fireball Cinnamon in Indiana and on behalf of a South Carolina resident who allegedly purchased Fireball Cinnamon in South Carolina. He did so

5

despite the obvious jurisdictional flaw that alleged purchases outside Illinois by non-residents of Illinois have no jurisdictional basis in this Court. By asserting such claims, Sheehan plainly violated Rule 11(b)(2).

Sheehan's blatant disregard of the facts, about which he had been fully informed by Sazerac's Motion to Dismiss the original Complaint and the accompanying declarations, is itself more than sufficient to warrant sanctions under Rule 11. *See Royce*, 950 F.3d at 957. Adding claims over which this Court quite clearly did not have jurisdiction only adds to the necessity of imposing sanctions. Awarding Sazerac its fees incurred in opposing the Amended Complaint is both authorized, *see* Fed. R. Civ. P. 11(c)(4), and particularly warranted here.[1]

**II.      Sanctions Are Warranted Under 28 U.S.C. § 1927.**

28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Seventh Circuit has made clear that a District Court may properly impose § 1927 sanctions when an attorney has pursued a claim that is "without a plausible legal or factual basis and lacking in justification." *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quoting *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994)).[2] Similarly, the Seventh Circuit has held that "[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively

---

[1]     Sazerac's May 5 letter to Sheehan satisfies the "safe harbor" requirement of Rule 11(c)(2).

[2]     Section 1927 does not have a safe harbor requirement. *See, e.g., Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d 817, 839 (N.D. Ill. 2015).

6

unreasonable and vexatious." *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (quoting *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)).

Section 1927 fits the situation here to a "t". Knowing that Sazerac did not sell Fireball Cinnamon in Illinois, Sheehan nonetheless "multiplie[d] the proceedings" by filing the Amended Complaint and compelling Sazerac to file a second Motion to Dismiss. Additionally, Sheehan filed an Amended Complaint that "a careful attorney" would know lacked a factual basis with respect to the alleged Illinois purchase ("approximately three miles from the Illinois-Indiana border") and lacked a jurisdictional basis to assert claims on behalf of an Indiana resident who allegedly purchased Fireball Cinnamon in Indiana and a South Carolina resident who allegedly purchased the product in South Carolina. His conduct in filing the Amended Complaint is therefore "objectively unreasonable and vexatious." *Kapco*, 886 F.2d at 1491. Under both standards, awarding Sazerac its attorneys' fees for opposing the Amended Complaint is fully warranted under 28 U.S.C. § 1927.

## **CONCLUSION**

For the reasons set forth above, the Court should award Sazerac its attorneys' fees incurred in opposing the Amended Complaint as a sanction for Plaintiffs' counsel's conduct in filing the Amended Complaint without a factual or legal basis.

Date:  August 29, 2023

Respectfully submitted,

/s/ Krysta K. Gumbiner
Krysta K. Gumbiner
Krysta.Gumbiner@dinsmore.com
DINSMORE & SHOHL LLP
222 West Adams Street, Suite 3400
Chicago, IL  60606
Telephone:  (312) 775-1743

Creighton R. Magid
magid.chip@dorsey.com
Payton George
george.payton@dorsey.com
DORSEY & WHITNEY LLP
1401 New York Avenue NW, Suite 900
Washington, DC  20005
Telephone:  (202) 442-3000
Facsimile:  (202) 442-3199

Andrea Wechter
wechter.andrea@dorsey.com
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO  80202-5549
Telephone: (303) 352-1118

## CERTIFICATE OF SERVICE

Krysta K. Gumbiner, an attorney, hereby certifies that on August 29, 2023, she filed the foregoing document electronically and notice of this filing will be sent to all attorneys or parties of record through the Court's CM/ECF system.

/s/ Krysta K. Gumbiner