# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Mike Ortiz and Shelly Carnes, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> - against -<br><br>Sazerac Company, Inc.,<br><br>    Defendant | 1:23-cv-00097<br><br><br><br>Hon. Mary M. Rowland |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion for Sanctions

**TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ...................................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................................... 1

LEGAL STANDARDS ................................................................................................................ 2

ARGUMENT ................................................................................................................................ 3

I. NO NOTICE PROVIDED AS TO THE SANCTIONABLE CONDUCT .......................... 3

II. ALLEGATIONS DO NOT AMOUNT TO SANCTIONABLE CONDUCT .................... 4

    A. Jurisdiction Supported by In-State Purchases ............................................ 4

    B. *Bristol-Myers* not Applicable to Class Actions ....................................... 5

III. SANCTIONS ARE NOT WARRANTED UNDER 28 U.S.C. § 1927 ............................. 7

    A. Counsel's Actions Were not Unreasonable or Vexatious ........................ 7

    B. Allegations Supported by Good Faith Basis ........................................... 9

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Al Haj v. Pfizer Inc.*,
   338 F. Supp. 3d 815 (N.D. Ill. 2018) .................................................................................. 6

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ............................................................................................................ 7

*Bristol-Myers Squibb Co. v. Superior Court*,
   582 U.S. 255 (2017) ....................................................................................................... 5, 6

*Cartwright v. Cooney*,
   788 F. Supp. 2d 744 (N.D. Ill. 2011) ............................................................................. 2, 3

*Claiborne v. Wisdom*,
   414 F.3d 715 (7th Cir. 2005) .............................................................................................. 7

*Devlin v. Scardellette*,
   536 U.S. 1 (2002) ................................................................................................................ 7

*Divane v. Krull Elec. Co., Inc.*,
   200 F.3d 1020 (7th Cir. 1999) ............................................................................................ 3

*Doe-2 ex rel. Doe v. White*,
   No. 08-cv-2169, 2013 WL 1397734 (C.D. Ill. Apr. 5, 2013) ........................................ 8

*DR Distribs., LLC v. 21 Century Smoking, Inc.*,
   513 F. Supp. 3d 839 (N.D. Ill. 2021) ................................................................................. 7

*F.D.I.C. v. Tekfen Constr. & Installation Co.*,
   847 F.2d 440 (7th Cir. 1988) .............................................................................................. 2

*Feehan v. Wisconsin Elections Comm'n*,
   No. 20-cv-1771, 2022 WL 3647882 (E.D. Wis. Aug. 24, 2022) .................................. 8

*Fischer v. Sazerac Company, Inc.*,
   No. 23-cv-00583 (E.D. Mo. May 3, 2023) ....................................................................... 1

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ............................................................................................................ 5

*Intellect Wireless, Inc. v. Sharp Corp.*,
   87 F. Supp. 3d 817 (N.D. Ill. 2015) ................................................................................... 4

*Jett v. Warrantech Corp.*,
   436 F. Supp. 3d 1170 (S.D. Ill. 2020) ............................................................................... 6

...

*Jolly Group, Ltd. v. Medline Indus., Inc.*,
   435 F.3d 717 (7th Cir. 2006) .................................................................................................. 8

*Kapco Mfg. Co., Inc. v. C & O Enters., Inc.*,
   886 F.2d 1485, 1491 (7th Cir. 1989) ....................................................................................... 8

*Kiefel v. Las Vegas Hacienda, Inc.*,
   404 F.2d 1163 (7th Cir. 1968) ................................................................................................ 8

*Mallory v. Rush Univ. Med. Ctr.*,
   No. 18-cv-4364, 2021 WL 458457 (N.D. Ill. Feb. 9, 2021) .................................................... 4

*Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi.*,
   649 F.3d 539 (7th Cir. 2011) .................................................................................................. 3

*Maynard v. Nygren*,
   332 F.3d 462 (7th Cir. 2003) .................................................................................................. 9

*Murphy v. Richert*,
   No. 15-cv-8185, 2022 WL 4079457 (N.D. Ill. Sept. 6, 2022) ................................................ 9

*Mussat v. IQVIA, Inc.*,
   953 F.3d 441 (7th Cir. 2020) .................................................................................................. 6

*N. Illinois Telecom, Inc. v. PNC Bank, N.A.*,
   850 F.3d 880 (7th Cir. 2017) .................................................................................................. 3

*Olson v. Reynolds*,
   No. 08-cv-056, 2011 WL 13187029 (N.D. Ind. May 5, 2011) ............................................... 8

*Parker v. IAS Logistics DFW, LLC*,
   No. 20-cv-5103, 2021 WL 4125106 (N.D. Ill. Sept. 9, 2021) ................................................ 6

*Patterson v. Sazerac Co., Inc.*,
   No. 23-cv-00150 (E.D. Cal. Jan. 24, 2023) ........................................................................... 1

*Payton v. Cnty. of Kane*,
   308 F.3d 673 (7th Cir. 2002) .................................................................................................. 7

*Sean Morrison Ent., LLC v. O'Flaherty Heim Egan & Birnbaum, Ltd.*,
   No. 11-cv-2462, 2012 WL 4468443 (N.D. Ill. Sept. 21, 2012) ...................................... 2, 3, 4

*Traffix USA, Inc. v. Bay*,
   No. 21-cv-02093, 2021 WL 5179908 (N.D. Ill. Nov. 8, 2021) ............................................... 4

*U.S. v. Lain*,
   640 F.3d 1134 (10th Cir. 2011) .............................................................................................. 7

**Statutes**

28 U.S.C. § 1927 ................................................................................................................. 1, 4, 9

**Rules**

Fed. R. Civ. P. 11 ................................................................................................................. 1, 4, 5

Fed. R. Civ. P. 11(b) ................................................................................................................. 2

Fed. R. Civ. P. 11(b)(2) ............................................................................................................. 6

Fed. R. Civ. P. 11(b)(3) ............................................................................................................. 5

Fed. R. Civ. P. 11(c)(2) ...................................................................................................... 3, 4, 5

## INTRODUCTION

Plaintiffs submit this Memorandum of Law in Opposition to the Defendant's Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c) and 28 U.S.C. § 1927.

Plaintiffs filed an Amended Complaint ("Am. Compl.") on April 4, 2023, and in response Defendant filed a Motion to Dismiss for Failure to State a Claim on May 5, 2023. ECF Nos. 17-18. Plaintiffs subsequently filed a notice of voluntary dismissal which resulted in the case being terminated. ECF Nos. 21-22.

In two similar actions, in the Eastern District of California and Eastern District of Missouri, Defendant informed the attorneys for those plaintiffs that the Fireball Cinnamon was not sold in the locations they alleged. *See Patterson v. Sazerac Co., Inc.*, No. 23-cv-00150 (E.D. Cal. Jan. 24, 2023) and *Fischer v. Sazerac Company, Inc.*, No. 23-cv-00583 (E.D. Mo. May 3, 2023).

In both cases, the plaintiffs filed notices of voluntary dismissal and those courts closed those cases. While the motivations of a party seeking sanctions are not relevant, they can provide factual context with respect to whether such a Motion is brought in good faith. For numerous reasons, Defendant's Motion is not, as it is not supported by law or any reasonable modification of law, which is why it should be denied.

## FACTUAL BACKGROUND

Plaintiffs Mike Ortiz and Shelly Carnes ("Plaintiffs") filed an Amended Complaint where they alleged the labeling and marketing of the cinnamon whisky and cinnamon versions of Defendant Sazerac Company, Inc.'s ("Defendant") popular Fireball product (the "Product") was misleading. ECF No. 17; Am. Compl. ¶ 1.

Plaintiffs subsequently filed a notice of voluntary dismissal, and the case was terminated on May 23, 2023. ECF Nos. 21-22. Notwithstanding Plaintiffs' voluntary dismissal, Defendant

filed a Motion for Sanctions and Memorandum of Law in Support ("Def. Mem.") after the case has remained inactive for over three months, without providing notice to Plaintiffs.[1]

Defendant argues that sanctions are warranted because the Product was not sold in Illinois, despite Plaintiff Ortiz's contention that he purchased the Product at a gas station convenience store in Calumet City, just miles from the Indiana border, where Fireball Cinnamon is sold. Def. Mem. at 1; Am. Compl. ¶ 45. For numerous reasons, its Motion should be denied.

## LEGAL STANDARDS

Rule 11 requires an attorney to certify, to the best of his knowledge, that any pleading presented to the Court "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the legal contentions asserted in the pleading are not frivolous and have or are likely to have evidentiary support." *Sean Morrison Ent., LLC v. O'Flaherty Heim Egan & Birnbaum, Ltd.*, No. 11-cv-2462, 2012 WL 4468443, at \*1 (N.D. Ill. Sept. 21, 2012) citing Fed. R. Civ. P. 11(b).

However, courts have cautioned that "Rule 11 should not be used as 'a battleground for satellite controversies wherein, in effect, the tail would wag the dog, potentially diverting judicial resources from the prompt disposition of the merits of controversies,' meaning that "a court should apply Rule 11 sanctions only 'with utmost care and caution.'" *Cartwright v. Cooney*, 788 F. Supp. 2d 744, 755 (N.D. Ill. 2011); *F.D.I.C. v. Tekfen Constr. & Installation Co.*, 847 F.2d 440, 444 (7th Cir. 1988).

Indeed, "even when a court has ruled that a party has been 'wrong on the law,' sanctions against that party do not flow inevitably,'" as "[t]he focus in Rule 11 sanctions is on what counsel knew at the time the complaint was filed, not what subsequently was revealed in discovery … [t]he

---

[1] In support of its Opposition to Defendant's Motion, Plaintiffs submit the Declaration of Spencer Sheehan ("Sheehan Decl.").

2

fact that the underlying claim turned out to be groundless does not necessarily mean [] sanctions are appropriate." *Sean Morrison*, 2012 WL 4468443, at *1 citing *Cartwright*, 788 F. Supp. 2d at 755.

## ARGUMENT

I.  **NO NOTICE PROVIDED AS TO THE SANCTIONABLE CONDUCT**

Fed. R. Civ. P. 11(c)(2) provides that "a motion for sanctions must be served on the opposing party, but that it cannot be filed with the court until 21 days have passed from the date of service of the motion," which "gives the offending party a 'safe harbor' within to withdraw or correct the offending pleading." *Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011). "A court that imposes sanctions by motion without adhering to this twenty-one-day safe harbor has abused its discretion." *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025 (7th Cir. 1999).

The purpose of this provision of Rule 11 is to provide that "a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." *N. Illinois Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 886 (7th Cir. 2017) citing Fed. R. Civ. P. 11(c)(2).

Since "the timely withdrawal of a contention will protect a party against a motion for sanctions" Plaintiff's Notice of Voluntary Dismissal obviates any need for Defendant's Motion. *N. Illinois Telecom*, 850 F.3d at 886; ECF No. 21.

Defendant states in a footnote that its "May 5 letter to Sheehan satisfies the 'safe harbor' requirement of Rule 11(c)(2)." Def. Mem. at 6 n.6. Even though this Circuit is unique in holding that "substantial compliance' with the warning-shot/safe-harbor requirement of Rule 11(c)(2) can [] be sufficient," Defendant's one paragraph letter did not mention sanctions, but rather asked,

3

"Please explain what factual support you have for your assertion that Mr. Ortiz purchased Fireball Cinnamon from that gas station," "fell far short of substantial compliance." *N. Illinois Telecom, Inc.*, 850 F.3d at 886.

Tellingly, Defendant's failure to include its "warning shot" letter is likely due to its obvious inadequacies when measured against the Advisory Committee's comments. Def. Mem. at 6 n.2 citing *Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d 817, 839 (N.D. Ill. 2015).

Considering "the Seventh Circuit's clearly expressed reluctance to stray any further from the formal requirements of Rule 11," "constru[ing] the relevant precedent as narrowly as possible," the Court should "den[y] Defendant's motion for sanctions for failure to comply with Rule 11(c)(2)." *Traffix USA, Inc. v. Bay*, No. 21-cv-02093, 2021 WL 5179908, at *2 (N.D. Ill. Nov. 8, 2021) citing *Mallory v. Rush Univ. Med. Ctr.*, No. 18-cv-4364, 2021 WL 458457, at *23 (N.D. Ill. Feb. 9, 2021) ("Whatever the merits of [Defendant's] contentions, the problem is that [it] did not give [plaintiff] twenty-one days to withdraw her filing, as required by Rule 11(c)(2)"); *Sean Morrison*, 2012 WL 4468443, at *3.

## II.  ALLEGATIONS DO NOT AMOUNT TO SANCTIONABLE CONDUCT

### A.  Jurisdiction Supported by In-State Purchases

Defendant argues that Plaintiff's counsel "tacitly acknowledged his understanding that Fireball Cinnamon is not sold in Illinois by alleging that Plaintiff Ortiz purchased the product in Illinois 'approximately three miles from the Illinois-Indiana border," which purportedly constitutes a "clear violation of Rule 11(b)(3)." Def. Mem. at 5.

However, divining intent is not relevant where the question is whether this Court had jurisdiction. Plaintiff Mike Ortiz "purchased the fireball Cinnamon at the Quick Stop Go-Lo gas station at 264 Torrence Avenue, Calumet City, Illinois," which suffices to grant this Court personal jurisdiction over the matter. Am. Compl. ¶ 45.

4

While Defendant relies on its State Manager for Illinois for the contention that the Product "is not sold in Illinois," the Sheehan Declaration sets forth numerous reasons why the focus exclusively on traditional distribution channels is insufficient to determine whether Plaintiff Ortiz's allegations were correct. Def. Mem. at 1; Sheehan Decl..

Furthermore, while Defendant relies on "the Declaration of Emilio Arrieta, the Assistant Store Director of [a] Jewel-Osco in Niles, Illinois," this is not the store at which Plaintiff Mike Ortiz alleges purchasing the Product. Def. Mem. at 2.

Therefore, his testimony "that he had personally reviewed the store's invoices and records and confirmed that the store had not sold any Fireball Cinnamon during the period referenced in the [original] Complaint" has no bearing on the allegations of the Amended Complaint. Def. Mem. at 2 citing Arrieta Decl. ¶ 3.

B.   *Bristol-Myers* not Applicable to Class Actions

Defendant further argues that Plaintiff's counsel "violated Rule 11(b)(2)" because the Amended Complaint asserts claims "on behalf of a South Carolina resident who [] purchased Fireball Cinnamon in South Carolina," "despite the obvious jurisdictional flaw that alleged purchases outside Illinois by non-residents of Illinois have no jurisdictional basis in this court." Def. Mem. at 5-6.

That "[t]his Court lacks personal jurisdiction over purchases by an Indiana resident in Indiana and by a South Carolina resident in South Carolina," ignores that *Bristol-Myers* was a mass tort action brought by non-resident plaintiffs in state court; thus, its holding is not controlling here. Def. Mem. at 3 citing *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 261 (2017) and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Further, *Bristol-Myers* expressly did not decide "whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court" as a state court,

5

indicating that the ruling does not necessarily apply to nationwide class action lawsuits brought in federal court like this one. *Parker v. IAS Logistics DFW, LLC*, No. 20-cv-5103, 2021 WL 4125106, at *2 (N.D. Ill. Sept. 9, 2021) citing *Bristol-Myers*, 582 U.S. at 267.

In fact, *Bristol-Myers* relied upon a "straightforward application" of "settled principles of personal jurisdiction," and therefore did not affect the law regarding jurisdiction in class actions. *Bristol-Myers*, 582 U.S. at 270.

The Seventh Circuit recently distinguished federal class actions from the mass-tort suit in *Bristol-Myers*, holding that "[i]n a Rule 23 class action … the lead plaintiffs earn the right to represent the interests of absent class members … [, who] are not full parties to the case for many purposes," including the personal-jurisdiction analysis. *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020). Thus, "the principles announced in *Bristol-Myers* do not apply to the case of a nationwide class action filed in a federal court under a federal statute," instead, "the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so." *Mussat*, 953 F.3d at 447.

Defendant's brief fails to address the decisions from this Circuit that have refused to apply *Bristol-Myers* to non-resident class members. *See, e.g.*, *Jett v. Warrantech Corp.*, 436 F. Supp. 3d 1170, 1178 (S.D. Ill. 2020) (noting that the court is "unconvinced that *Bristol-Myers* is applicable in the class action context"); *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 820 (N.D. Ill. 2018) (declining to extend the logic of *Bristol-Myers* to prohibit a court from exercising specific jurisdiction over a defendant to resolve the class action claims of non-Illinois residents).

Significantly, Defendant does not explain why it would be fundamentally unfair to make it defend a multi-state or nationwide class in this Court, nor can it. Instead, placing form over

6

substance, Defendant simply asks that this Court extend *Bristol-Myers* to class actions. Def. Mem. at 3.

However, the practical effect of this position, should it be accepted, would require non-Illinois class members to file perhaps dozens of additional class actions in other states, greatly increasing the burden on injured consumers and unnecessarily taxing the resources of the judiciary and the parties, defeating "one of the major goals of class action litigation – to simplify litigation involving a large number of class members with similar claims." *Devlin v. Scardellette*, 536 U.S. 1, 10 (2002)

Furthermore, Plaintiff Mike Ortiz established own standing through a purchase in Illinois, and whether he can represent citizens outside of Illinois is "logically antecedent" to issues typically resolved on class certification. *Payton v. Cnty. of Kane*, 308 F.3d 673, 680 (7th Cir. 2002) citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 (1997).

### III. SANCTIONS ARE NOT WARRANTED UNDER 28 U.S.C. § 1927

#### A. Counsel's Actions Were not Unreasonable or Vexatious

28 U.S.C. § 1927 grants that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The attorney's actions "must multiple the proceedings, meaning prolong the case," and "must be both unreasonable and vexatious." *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 951 (N.D. Ill. 2021). Vexatious in this context means "without reasonable or probable cause or excuse; harassing; annoying," and "in the Seventh Circuit, the unreasonableness standard is objective." *DR Distribs.*, 513 F. Supp. 3d at 951 citing *U.S. v. Lain*, 640 F.3d 1134, 1137 (10th Cir. 2011) and *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005).

Indeed, the Court's "power to assess costs on the attorney involved 'is a power which the courts should exercise only in instances of a *serious and studied disregard for the orderly process of justice*.'" *Feehan v. Wisconsin Elections Comm'n*, No. 20-cv-1771, 2022 WL 3647882, at *7 (E.D. Wis. Aug. 24, 2022) (emphasis in original) citing *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968).

Defendant argues that Plaintiffs' counsel's "conduct in filing the Amended Complaint is [] 'objectively unreasonable and vexatious," because he allegedly knew "that Sazerac did not sell Fireball Cinnamon in Illinois," and "lacked a jurisdictional basis to assert claims on behalf" of purchasers from outside of Illinois. Def. Mem. at 6-7 citing *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) and *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989).

The Sheehan Declaration contains factual assertions which supported Plaintiff Ortiz's contentions that he bought the Fireball Cinnamon in Illinois. Since "section 1927 sanctions are highly unusual," "Plaintiffs' counsel's actions are more aligned with strong advocacy" rather than "unreasonable and vexatious behavior." *Olson v. Reynolds*, No. 08-cv-056, 2011 WL 13187029, at *2 (N.D. Ind. May 5, 2011). While the Court may have found Plaintiff to be "unsuccessful in his [] claims," "the only dispositive issue [] is whether or not [Plaintiffs] or [their] counsel multiplied the proceedings unreasonably and vexatiously," which they did not. *Olson*, 2011 WL 13187029, at *2.

Because the Amended Complaint "was filed after reasonable inquiry, was not interposed for any improper purpose and was not frivolous," this Court should "conclude[] that sanctions are not warranted." *Doe-2 ex rel. Doe v. White*, No. 08-cv-2169, 2013 WL 1397734, at *2 (C.D. Ill. Apr. 5, 2013).

8

B. <u>Allegations Supported by Good Faith Basis</u>

Since Plaintiff Mike Ortiz told his counsel that he purchased the Product "at the Quick Stop Go-Lo gas station at 264 Torrence Avenue, Calumet City, Illinois," Plaintiff "had a good-faith basis for [filing] the [a]mended [c]omplaint and ultimately [may] have prevailed on that claim," had Plaintiffs not filed a notice of Voluntary Dismissal. *Murphy v. Richert*, No. 15-cv-8185, 2022 WL 4079457, at *8 (N.D. Ill. Sept. 6, 2022).

Furthermore, "the imposition of attorney's fees under the Court's inherent power [to impose sanctions] requires a finding of willfulness or bad faith," and there is "no evidence in the record that [Mr. Sheehan] litigated in bad faith." *Maynard v. Nygren*, 332 F.3d 462, 470-71 (7th Cir. 2003)**.**

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion.

Dated: September 21, 2023

                                                                Respectfully submitted,

                                                                Sheehan & Associates, P.C.
                                                                /s/Spencer Sheehan
                                                                spencer@spencersheehan.com
                                                                60 Cuttermill Rd Ste 412
                                                                Great Neck NY 11021
                                                               Tel: (516) 268-7080

**Certificate of Service**

I certify that on September 21, 2023, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan