## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MIKE ORTIZ and SHELLEY
CARNES, individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

SAZERAC COMPANY, INC.,

Defendant.

Case No. 23-CV-00097

Judge Mary M. Rowland

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs Ortiz and Carnes brought this suit against Defendant Sazerac to challenge the labeling of small Fireball malt-based bottles sold by Sazerac. On May 23, 2023, the Court entered Plaintiffs' notice of voluntary dismissal [21] and terminated the case. [22]. Sazerac now seeks attorney's fees and sanctions against Plaintiff's counsel under Rule 11 and 28 U.S.C. § 1927. [23]. For the following reasons, this Court denies Sazerac's motion for sanctions [23].

## I. Background

Defendant Sazerac manufactures and sells a popular malt-based beverage marketed as Fireball Cinnamon. [19] at 6. On January 7, 2023, Plaintiffs' counsel, Spencer Sheehan, filed a complaint against Sazerac on behalf of Anna Marquez alleging that she purchased Fireball Cinnamon on multiple occasions at a Jewel-Osco grocery store in Niles, Illinois.[1] [1]. Based on those transactions, the original

---

[1] The Court notes that Sheehan has filed dozens of suits based on product labels. In dismissing these cases, other courts have entered Rule 11 sanctions against Sheehan. *E.g.*, *Brownell v. Starbucks Coffee Co.*,

complaint brought claims against Sazerac for incorrectly labeling products in violation of federal and state consumer protection laws. *Id.*

On March 9, 2023, Sazerac moved to dismiss the complaint, arguing the company does not sell the Fireball Cinnamon product in the state of Illinois, which would disprove Marquez's allegations. [9]. To this end, Sazerac attached affidavits from its Illinois corporate manager, as well as the assistant store director of the Jewel-Osco in Niles who attested that the store did not ever sell Fireball Cinnamon. [24] at 2 (quoting [10-1] and [10-3]).

Attorney Sheehan then submitted an amended complaint on April 4, 2023, substituting Ortiz and Carnes as plaintiffs. [17]. Ortiz, a resident of Indiana, alleged that he purchased Fireball Cinnamon in the fall of 2022 at a gas station in Calumet City, Illinois, "approximately three miles from the Illinois-Indiana border." *Id.* ¶ 45. Carnes, a resident of South Carolina, did not represent that she purchased the product in Illinois; she allegedly bought Fireball Cinnamon at a food mart in Rock Hill, South Carolina. *Id.* ¶ 48. The amended complaint was stylized as a putative class action. *Id.* ¶¶ 59-66.

On May 5, 2023, Sazerac moved to dismiss the amended complaint for lack of personal jurisdiction, standing, and for failure to state a claim. [18]. Sazerac reiterated that it does not sell Fireball Cinnamon in the state of Illinois and argued

---

522CV1199FJSATB, 2023 WL 9053058, at *9 (N.D.N.Y. Nov. 30, 2023) (entering sanctions against Sheehan and finding him in civil contempt for filing "Plaintiff's complaint without any studies, relevant caselaw, or reasonable interpretations of the wording on the Product label to support the allegations contained within."); *see also Tlaib v. Chattem, Inc.*, 23-CV-376, 2024 WL 278993, at *3 (N.D. Ill. Jan. 25, 2024) *(*"The court . . . cautions Sheehan that this court, and likely others, may rule more favorably for defendants should Sheehan continue to file meritless false labelling cases."). Sazerac leans on this pattern of activity to argue that Sheehan similarly filed a frivolous claim here.

that this Court could not exercise personal jurisdiction over out-of-state purchases by out-of-state plaintiffs. *Id.* That same day, Sazerac sent a letter to Sheehan "demanding an explanation of the support Plaintiffs' counsel had for the assertion." [24] at 3. Two weeks later, on May 19, 2023, Plaintiffs filed a notice of voluntary dismissal. [21]. The Court terminated the case on May 23, 2023. [22].

On August 29, 2023, Sazerac moved for sanctions against Sheehan under FRCP Rule 11 and 28 U.S.C § 1927. [23]. Sazerac seeks fees and sanctions only as related to the amended complaint, as Sheehan filed it "after being fully informed of the relevant facts." [24] at 1.

## II. Analysis

Sazerac asserts that Sheehan filed the amended complaint knowing that Fireball Cinnamon is not sold in Illinois and the Court would accordingly lack personal jurisdiction over Plaintiffs' amended claims. Sheehan, Sazerac argues, thus lacked a good faith basis for Plaintiffs' claims.

Federal Rule of Civil Procedure 11(b) requires attorneys to certify to the best of their ""knowledge, information, and belief, formed after an inquiry reasonable under the circumstances' that their filings have adequate foundation in fact and law and lack an 'improper purpose.'" *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 957 (7th Cir. 2020) (quoting Fed. R. Civ. P. 11(b)). This Court possesses considerable discretion in deciding whether to impose Rule 11 sanctions. *Divane v. Krull Elec. Co., Inc.,* 200 F.3d 1020, 1025 (7th Cir. 1999). In determining whether sanctions are appropriate, the Court must make "an objective inquiry into whether the party or his

3

counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office & Prof'l Emps. Int'l Union, Local 39,* 443 F.3d 556, 560 (7th Cir. 2006) (citation and internal quotations omitted).

While Rule 11 focuses on the propriety of specific filings, § 1927 penalizes conduct by an attorney that "unreasonably and vexatiously" prolongs or "multiplies" proceedings as a whole. *Samuels v. Wilder*, 906 F.2d 272, 275 (7th Cir. 1990) (quoting 28 U.S.C. § 1927). "Unreasonable and vexatious conduct" includes instances when an attorney litigates a claim "without a plausible legal or factual basis,"; "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound"; or else fails to "dismiss claims that are no longer viable." *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (internal citations omitted). "Whether sanctions should be awarded under ¶ 1927, as under Rule 11, is a judgment call . . . for the district court." *Samuels*, 906 F.2d at 275.

The Court declines to impose sanctions on Sheehan for two reasons: the complaint was not entirely baseless, and Mr. Sheehan voluntarily dismissed the complaint within the "safe harbor" of Rule 11.

First, Rule 11 required Sheehan to certify that "the claims, defenses, and other legal contentions are warranted by existing law," and that the factual allegations in the amended complaint "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2)-(3). Sazerac contends that the amended complaint exhibited a "blatant disregard for the facts" because the company

4

previously affirmed that it does not sell Fireball Cinnamon for distribution in the state of Illinois.

However, the Court finds that the amended complaint plausibly alleged that one of the new plaintiffs, Ortiz, bought Fireball Cinnamon at a gas station in Calumet City, Illinois. Sheehan submits an affidavit detailing his communications with Ortiz. [26-1]. Ortiz initially reached out to Sheehan after seeing media coverage about the "Fireball lawsuit" and informed him that he purchased Fireball Cinnamon from "multiple locations in Chicago." *Id.* ¶¶ 10-12. Sheehan sought to corroborate the allegation, keeping in mind that a) Sazerac did not officially sell Fireball Cinnamon in Illinois and b) consumers may mistake the brand's Fireball Whisky flavor for Fireball Cinnamon. *Id.* ¶¶ 13, 19. Sheehan repeatedly interviewed Ortiz and "test[ed] his knowledge" of Fireball products. *Id.* 15-23. When Ortiz sent Sheehan pictures of the two different flavors sold at a gas station, Sheehan was satisfied that his potential plaintiff could identify Fireball Cinnamon and that he did purchase that flavor as stated. *Id.*

It is it plausible that Fireball Cinnamon was available for purchase in Illinois gas stations despite Sazerac not officially selling the product in-state. *See Johnson & Johnson v. Advanced Inventory Mgmt., Inc.*, 20-CV-3471, 2020 WL 5880136, at *3 n.1 (N.D. Ill. Oct. 2, 2020) (explaining the concept of "gray market goods" "sold outside of authorized distribution channels by entities that do not have a relationship with the producer of the goods."). More to the point, Sheehan went about investigating Ortiz's

allegations.[2] He may not have had ironclad proof of the purchase, but that doesn't subject him to sanctions. "Counsel must investigate, but need not have in hand before filing enough proof to establish the case. Rule 11 does not modify the system of notice pleading established by Rule 8. It requires only an outline of a case." *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir.1987); *see also U.S. Powerlifting Fed'n*, 836 F.2d 1063, 1068 (7th Cir.1987) ("Rule 11 draws a "fine line. Rule 11 must not bar the courthouse door to people who have some support for a complaint but need discovery to prove their case, yet the need for discovery does not excuse the filing of a vacuous complaint.").

Next, and more importantly, the Court declines to impose sanctions because Plaintiffs dismissed the complaint on their own. Rule 11 creates a safe harbor to avoid sanctions by requiring motions to be served on the opposing party at least 21 days before filing in court. Fed. R. Civ. P. 11(c)(2). If the opposing party cures the challenged filing by amendment or dismissal, "the motion must not be filed." *Id.* Here, Sazerac contends that its May 5, 2023 letter to Sheehan satisfied the 11(c)(2) requirements (while seemingly conceding that it made no mention of sanctions). Still, assuming that Sazerac complied with the safe-harbor requirement, Plaintiffs withdrew the complaint on May 19, 2023, within 21 days of the letter. The Court finds no reason to impose sanctions under Rule 11(c)(2), or of its own accord under 11(c)(3).[3]

---

[2] The Court does not decide whether the amended complaint adequately set out that Carnes (the South Carolina plaintiff) could have been a member of a putative class as Sheehan argues.

[3] Sazerac's motion for sanctions is also late. "The "outer parameters" for filing motions for sanctions after final judgment is 90 days." *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 553 (7th Cir. 2011) (quoting *Sullivan v. Hunt*, 350 F.3d 664, 666 (7th Cir.2003)). The Court terminated this case on May 23, 2023. Sazerac had 90 days, or until August 21, 2023 to file its motion for sanctions. It filed on August 29, 2023. [23]. As

Nor is there a basis for § 1927 sanctions. *See Apex Colors, Inc. v. Chemworld Int'l Ltd., Inc.*, 14-CV-273-PRC, 2017 WL 1352710, at *3 (N.D. Ind. Apr. 13, 2017) (collecting cases declining § 1927 sanctions when party promptly withdrew complaint within Rule 11 safe harbor). Sheehan saved both parties and the Court time and money by voluntarily withdrawing the amended complaint. Sheehan's actions did not rise to the level of vexatious, unreasonable conduct contemplated by § 1927, and even if it did, "Section 1927 is permissive, not mandatory." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir.2004).

### III.    Conclusion

For the reasons stated above, this Court denies Sazerac's motion for sanctions [23].

E N T E R:

Dated: March 27, 2024

_____
MARY M. ROWLAND
United States District Judge

---

the Seventh Circuit stated in a similar case, "we cannot help but note the irony inherent in a party's procedurally improper request that the court sanction an opposing party for failing to comply with other procedural rules." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 421 (7th Cir. 2018).